24 A.3d 314 (2011)
421 N.J. Super. 396
In re ADOPTION OF HIGHLANDS REGIONAL MASTER PLAN.
No. A-1054-08T1.
Superior Court of New Jersey, Appellate Division.
Submitted April 12, 2011.
Decided August 15, 2011.
*315 Hill Wallack, attorneys for appellants J & S Group, Inc., Wanaque Realty Corp., and Mountain Lakes Estates, Inc. (Stephen Eisdorfer, Princeton, on the brief).
Paula T. Dow, Attorney General, attorney for respondent Highlands Water Protection and Planning Council (Nancy Kaplen, Assistant Attorney General, of counsel; Barbara L. Conklin, Deputy Attorney General, on the brief).
Before Judges YANNOTTI, SKILLMAN and ROE.
The opinion of the court was delivered by SKILLMAN, J.A.D. (retired and temporarily assigned on recall).
The primary issue presented by this appeal is whether the transfer of development rights (TDR) program that the Highlands Water Protection and Planning Act (the Highlands Act), N.J.S.A. 13:20-1 to -35, requires the Highlands Water Protection and Planning Council (Council) to adopt must conform with the provisions of the State Transfer of Development Rights Act (State TDR Act), N.J.S.A. 40:55D-137 to -163. We conclude that the Highlands Act authorizes the Council to adopt a TDR program for the Highlands Region that does not strictly conform with the provisions of the State TDR Act. We also conclude that the TDR program the Council adopted as part of the regional master plan (RMP) for the Highlands Region conforms with the provisions of the Highlands Act governing adoption of a TDR program.
On July 17, 2008, the Council adopted the RMP for the Highlands Region. The RMP incorporated the "Highlands Transfer of Development Rights Technical Report," a forty-page document with more than one hundred pages of supporting documentation, which established a complex TDR program for the Highlands Region. As we explained in OFP, L.L.C. v. State, 395 N.J.Super. 571, 588-89, 930 A.2d 442 (App.Div.2007), aff'd o.b., 197 N.J. 418, 963 A.2d 810 (2008):
A TDR program is a land use tool that permits a public agency to use market forces to encourage the transfer of development potential from areas the agency wants to preserve (sending zones) to areas that are more appropriate for growth (receiving zones). Landowners in sending zones may obtain compensation in the form of TDR credits for restricting development on their properties. Payment for this lost development potential comes from purchasers *316 who buy TDR credits, which then entitle the purchasers to build in a receiving zone at a greater density than permitted by the underlying zoning.
On September 5, 2008, the RMP and the TDR program it incorporated became effective upon its acceptance by the Governor.
Appellants, who are owners of land in the preservation area of the Highlands Region, filed this appeal challenging the validity of the RMP on the ground that the TDR program, which is a required component of the RMP, N.J.S.A. 13:20-8(a); N.J.S.A. 13:20-11(a)(6), does not conform with applicable provisions of the Highlands Act. Appellants argue that the Highlands Act incorporates the standards for a TDR program set forth in the State TDR Act, which include that "[a] receiving zone ... shall be at least sufficient to accommodate all of the development potential of the sending zone," N.J.S.A. 40:55D-145(a); that "[t]he development potential of the receiving zone shall be realistically achievable," N.J.S.A. 40:55D-145(b); and that "[a]ll infrastructure necessary to support the development of the receiving zone ... shall either exist or be scheduled to be provided so that no development requiring the purchase of transferable development potential shall be unreasonably delayed because the necessary infrastructure will not be available," N.J.S.A. 40:55D-145(d).
The section of the Highlands Act that governs the TDR program is N.J.S.A. 13:20-13. This section provides:
In consultation with municipal, county, and State entities, the council shall, within 18 months after the date of enactment of this act, ... identify areas within the preservation area that are appropriate as sending zones pursuant to [the State TDR Act].
[N.J.S.A. 13:20-13(b).]
This section also provides:
In consultation with municipal, county, and State entities, the council shall, within 18 months after the date of enactment of this act, ... identify areas within the planning area that are appropriate for development as voluntary receiving zones pursuant to [the State TDR Act].
[N.J.S.A. 13:20-13(c) (emphasis added).]
The clear indication in N.J.S.A. 13:20-13(c) that land the Council has designated as a "receiving zone" may be used for development pursuant to the State TDR Act only if the municipality in which it is located voluntarily agrees to participate in the program is also reflected in N.J.S.A. 13:20-13(d) ("The council shall work with municipalities and the State Planning Commission to identify centers, designated by the State Planning Commission, as voluntary receiving zones for the [TDR] program.") and N.J.S.A. 13:20-13(e) ("In consultation with municipal, county, and State entities, the council shall assist municipalities or counties in analyzing voluntary receiving zone capacity.") (emphasis added).
Moreover, our opinion in OFP upholding the constitutionality of the Highlands Act noted that the participation of a Highlands Region municipality in the TDR program as a location for receiving zones was strictly voluntary:
Under the Highlands Act, the establishment of receiving zones is strictly voluntary. N.J.S.A. 13:20-13(c). Although the Highlands Council has responsibility for designating areas appropriate for development as receiving zones, the municipality in which such an area is located has no obligation to accept such a designation. See N.J.S.A. 13:20-13(c), (d), (e).
[395 N.J.Super. at 589, 930 A.2d 442.]
*317 We also noted the existence of other uncertainties relating to the effective implementation of the TDR program in the Highlands Region:
Moreover, a property owner who has obtained TDR credits has no assurance of being offered any particular price for them. Therefore, we agree with the Attorney General's characterization of the Highlands Act TDR program as "voluntary and market-driven and, thus, inherently uncertain."
[Ibid.]
The subsection of N.J.S.A. 13:20-13 dealing with the relationship between the TDR program established by the Highlands Act and the provisions of the State TDR Act is N.J.S.A. 13:20-13(a), which states in pertinent part:
The [TDR program for the Highlands Region] shall be consistent with the [State TDR Act] or any applicable [TDR] program created otherwise by law, except as otherwise provided in this section.

[Emphasis added.]
The "best indicator" of the intent of a statute is "the plain language chosen by the Legislature." State v. Gandhi, 201 N.J. 161, 176, 989 A.2d 256 (2010). If the Legislature had intended the TDR program established under the Highlands Act to conform with all the provisions of the State TDR Act, it could have expressed that intent clearly and directly. Instead, the Legislature provided that the requirements of the State TDR Act or any other TDR program would not apply if "otherwise provided in this section."
The other provisions of N.J.S.A. 13:20-13 include the previously quoted subsections which clearly indicate that a Highlands Region municipality's participation in the TDR program is voluntary. The voluntary nature of the Highlands Region TDR program makes it highly unlikely there would ever be sufficient receiving zones, which must not only be designated by the Council but also accepted by the municipalities in which they are located, to enable that program to satisfy all the requirements of the State TDR Act, including that the receiving zones "shall be at least sufficient to accommodate all of the development potential" of all the sending zones in the Highlands Region, N.J.S.A. 40:55D-145(a). Therefore, in the absence of a clear indication that this was the Legislature's intentand the "except as otherwise provided in this section" proviso of N.J.S.A. 13:20-13(a) indicates it was notwe are unwilling to impute to the Legislature an intent to impose such an unrealistic obligation upon the Council. Therefore, we conclude that the Highlands Act authorizes the Council to adopt a TDR program for the Highlands Region that does not strictly conform with the provisions of the State TDR Act.
Appellants also argue that the TDR program adopted by the Council failed to comply with the mandate of the last sentence of N.J.S.A. 13:20-13(c), which states:
The council shall set a goal of identifying areas within the planning area that are appropriate for development as voluntary receiving zones that, combined together, constitute four percent of the land area of the planning area, to the extent that the goal is compatible with the amount and type of human development and activity that would not compromise the integrity of the ecosystem of the planning area.
The Council identified approximately 12,-000 acres of land in the Highlands Region that may be suitable for receiving zones. This represents only 2.79% of the land in the Highlands Region, which falls short of the 4% goal established by N.J.S.A. 13:20-13(c). *318 Moreover, appellants claim that substantial portions of those 12,000 acres are not actually suitable for use as receiving zones.
However, the 4% area for receiving zones set forth in N.J.S.A. 13:20-13(c) is only a "goal." Furthermore, the Legislature required the Council to pursue this goal only "to the extent [it] is compatible with the amount and type of human development and activity that would not compromise the integrity of the ecosystem of the planning area." N.J.S.A. 13:20-13(c).
The Council has been delegated authority to determine the amount of land in the planning area that satisfies this standard. Courts extend substantial deference to an administrative agency's discharge of its statutorily delegated responsibilities. See In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 415, 430-31, 852 A.2d 167 (2004). Such deference is "especially appropriate" when an agency is responsible for administering "new and innovative legislati[on]" such as the Highlands Act. See Van Dalen v. Washington Twp., 120 N.J. 234, 246, 576 A.2d 819 (1990). There is no basis in this record for us to conclude that the Council abused its discretion in determining the extent of the Highlands Region suitable for designation as part of a receiving zone.
We recognize that the voluntary nature and other uncertainties relating to effective implementation of the TDR program and the limited funding available thus far for acquisition of lands in the Highlands Region raise doubt whether the stated legislative goal of "fairness to property owners" in the administration of the Highlands Act, N.J.S.A. 13:20-2, can be achieved. However, unless the strict regulation of land in the preservation area established under the Highlands Act reaches the point of infringing upon constitutionally protected property rights, any relief from the operation of those provisions is a matter within the Legislature's exclusive domain.
Affirmed.